**Cara R. Burns (SBN: 137557)**
**Hicks, Mims, Kaplan & Burns**
**3250 Ocean Park Blvd, Ste 350**
**Santa Monica, California  90405**
**Telephone:     (310) 314-1721**
**Facsimile:      (310) 314-1725**
**cburns@hmkblawyers.com**

**Attorneys for Plaintiff,**
**F.E.A., INC.**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.E.A., INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-100, JANE DOES 1-100 AND XYZ COMPANY,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>VIOLATION OF THE LANHAM ACT; 2) VIOLATION OF THE TRADEMARK ACT; 3) VIOLATION OF CALIFORNIA CIVIL CODE 3344(a); AND 4) VIOLATION OF RIGHT TO PRIVACY |

Plaintiff F.E.A., Inc., by its attorneys, files this complaint against defendants, alleging as follows:

**JURISDICTION AND VENUE**

1.     This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1338(a), (b).  Venue in this district is proper under 28 U.S.C. § 1391(b).

**PARTIES**

2.     F.E.A., Inc. ("Plaintiff") is a New Jersey corporation with its principal place of business in Englewood, New Jersey.

3.     Defendants John Does 1-100, Jane Does 1-100 and XYZ Company who are sued herein under fictitious names because their true names and capacities are unknown at this time.

This complaint will be amended when their true names and capacities are ascertained.

4. Upon information and belief, the individual defendants will be present in and about the Eastern District of California in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5. On information and belief, defendant XYZ Company through its agents, servants and employees, is or will be present in and about the Eastern District of California and is or will be subject to the jurisdiction of this Court.

6. Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein.  Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

7. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performing artists and groups, including, but not limited to tour books, T-shirts, jerseys, sweatshirts, hats, buttons and posters (collectively "Merchandise") which embody the names, likenesses and trademarks of musical performers and groups.

8. The artist known as **"BRITNEY SPEARS"** (the "Artist"), is the trademark used by the Artist in connection with recording, merchandising and other related goods in all aspects of the entertainment industry and to distinguish her services from all other such artists.  The Artist trademark mark has been in use in connection with her services for approximately 15 years.

9. The Artist has obtained Federal Registrations for her **BRITNEY SPEARS** trademark: Registration Number 3692573, International Class ("IC") 041, for entertainment services; Registration Number 3692571, IC 035, for on-line retail store services; Registration

number 3624626, IC 003, for cosmetics, etc; Registration Number 3692572, IC 038, for streaming material; Registration Number, 2620427, IC 014, for jewelry, etc., IC 018, for backpacks, and wallets, etc., IC 020, for furniture, etc., IC 026, for hair ornaments, etc., and IC 028, for dolls, etc.; and Registration Number 2302300, IC 009, for records, cassettes and compact discs featuring music; and IC 041, for entertainment services (registered over ten years ago, is incontestable).

10. Pursuant to an agreement between the Artist and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all trademarks, service marks, likenesses, logos and other indicia of the Artist (collectively, the "Artist's Trademarks") on and in connection with Merchandise ("Tour Merchandise") sold and offered for sale in the vicinity of the Artist's concerts in the United States and elsewhere. The authorized Tour Merchandise bearing any or all of the Artist's Trademarks will be distributed throughout the United States in connection with the tour.

11. The Artist has a strong and loyal following among those who attend popular music concerts and record buyers. The Artist has been seen and heard by millions of popular music enthusiasts. The Artist's tour is so popular that almost all performances are sold out.

12. As a result of the foregoing, the Tour's Trademarks have developed and now possesses secondary and distinctive meaning to purchasers of Tour Merchandise.

13. Plaintiff and the Artist realize substantial income from the sale of Tour Merchandise bearing the Artist's Trademarks, and such items have been sold throughout the US.

14. On June 16, 2011 at the Power Balance Pavilion, in Sacramento, California, the Artist will perform (the "Concert").

## DEFENDANTS' UNLAWFUL CONDUCT

15. On information and belief, Defendants will sell and distribute unauthorized T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Artist's Trademarks (the "Unauthorized Merchandise") in the vicinity of the Concert before, during and after her

performance, and at subsequent concerts during the tour.

16. The Unauthorized Merchandise is of the same general appearance as Plaintiff's Tour Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Unauthorized Merchandise is not authorized. Defendants' Unauthorized Merchandise sold and to be sold is generally of inferior quality. The sale of such merchandise has injured and is likely to injure the reputation of the Artist which has developed by virtue of her public performances and the reputation for high quality associated with Plaintiff and its Tour Merchandise.

17. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Unauthorized Merchandise is authorized, sponsored or approved by the Artist and/or Plaintiff and that such Unauthorized Merchandise is subject to the same quality control and regulation required by the Artist and/or Plaintiff, despite the fact that this is not true. It also injures the Artist and Plaintiff in that Defendants do not have to pay any royalty for these unlawful sales.

18. The aforesaid manufacture, distribution and sale of Unauthorized Merchandise bearing the federally registered trademarks, servicemarks, likenesses, logos and/or other indicia of the Artist constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise. The use by Defendants and others of the Artist's Trademark also constitutes an attempt to palm off and appropriate to themselves the Artist's and Plaintiff's exclusive rights therein.

19. Upon information and belief, Defendants and others have and will continue to engage in such unauthorized activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the tour, to the great injury of Plaintiff and the Artist.

20. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

### FIRST CLAIM FOR RELIEF
(Violation of the Lanham Act)

21. Plaintiff realleges each allegation set forth in the paragraphs above.

22. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Unauthorized Merchandise.

### SECOND CLAIM FOR RELIEF
(Violation of the Trademark Act)

23. Plaintiff realleges each allegation set forth in the paragraphs above.

24. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered marks.

### THIRD CLAIM FOR RELIEF
(Violation of California Civil Code § 3344(a))

25. Plaintiff realleges each allegation set forth in the paragraphs above.

26. Upon information and belief, the aforesaid acts by Defendants and others will involve the knowing use of the Artist's Trademarks without consent, in violation of California Civil Code § 3344(a).

27. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to California Civil Code § 3344 with respect to Defendants' unlawful use of the Artist's Trademarks.

### FOURTH CLAIM FOR RELIEF
(Violation of Common Law Right to Privacy)

28. Plaintiff realleges each allegation set forth in the paragraphs above.

29. By virtue of the expenditures of time, efforts and talent by the Artist and Plaintiff in advertising, publicizing and promoting the accomplishments of the Artist and through extensive

commercial exploitation of their public persona, the Artist and Plaintiff have created rights of publicity in the Artist's names which has been licensed and conveyed to Plaintiff.

30. The aforesaid uses of the Artist's Trademarks by Defendants constitute infringements of such rights of privacy.

31. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief under the Common Law Right to Privacy with respect to Defendants' unauthorized use of Artist's Trademarks.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, F.E.A., Inc. seeks relief against Defendants as follows:

A. As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the name, trademark, or likeness of the Tour or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B. As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Unauthorized Merchandise which the Defendants attempt to sell, distribute or hold for sale at, within or in the vicinity of the arenas at which the Group is performing, whether this occurs before, during or after the concerts on the Tour.

  C. That Defendants deliver up for destruction any and all Unauthorized Merchandise.

  D. As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined and that Plaintiff be awarded its costs, attorneys fees and such other and further relief as the Court deems to be just and proper.

Dated: June 10, 2011    Respectfully submitted,
            By: /S/  Cara R. Burns, Esq.
            Cara R. Burns
            Attorneys for Plaintiff